WILLIAM S. CONRAD, Plaintiff and Respondent, *v.* CHARLES W. SMITH, as Sheriff of Cass County, North Dakota, Defendant and Appellant.

### Fraudulent Conveyances—Want of Change of Possession.

> On the sale of a stallion in the possession of a bailee, the vendor, in the presence of the vendee, notified the bailee of such sale; but the vendor, with the consent of the vendee, continued after the sale to use the horse the same as before the sale, until the animal was seized under attachment by creditors of the vendor. *Held*, that there was not a sufficient, actual and continued change of possession to take the case out of the provision of § 4657 of the Compiled Laws, and the sale was therefore void, under the evidence adduced, as to the creditors of the vendor who had attached the horse.

(Opinion Filed Feb. 17, 1892.)

*A*PPEAL from district court, Cass county; Hon. WILLIAM B. MCCONNELL, Judge.

*Tilly & Stewart,* for appellant. *Ball & Smith,* for respondent.

Action by W. S. Conrad against Charles W. Smith, as sheriff of Cass county, to recover the value of a certain horse. Verdict and judgment for plaintiff. New trial denied. Defendant appeals. Reversed.

Tilly & Stewart, for appellant:

The delivery contemplated by statute must be an actual one and the change of possession must be visible and continuous. Bump on Fraud. Con., pp. 168, 169, 170, 183; Bunting v. Saltz, 24 Pac. Rep. 167; Merrill v. Hurlburt, 63 Cal. 494; Cook v. Rockford, 12 Pac. Rep. 568. See also Norton v. Doolittle, 32 Conn. 408; Meade v. Noyes, 44 Conn. 487. Error was assigned in the trial court permitting a witness to testify as to the value

of the property in suit. The rule is that before a witness can be called upon to give an opinion it must be first shown that he is competent from study, peculiar business or relation to the thing, to have a knowledge of the subject. Town of Independence v. Saunders, 24 Pac. Rep. 506; Nelson v. Insurance Co., 71 N. Y. 453; Jones v. Tucker, 41 N. H. 546; Buffman v. Harris, 5 R. I. 251. An hypothetical question calling for an opinion of a witness must be based on evidence in the case and can only contain such elements as the evidence tends to prove. People v. Vanderhoof, 39 N. H. 28; Meeker v. Meeker, 37 N. W. Rep. 773; Burgo v. State, 42 N. W. Rep. 701; Muldowney v. Railroad Co., 39 Iowa 615. The evidence showed that the vendor exercised the same control over the horse after the sale as he did before, hence appellant was entitled to have the court direct a verdict in his favor. Hesthal v. Myles, 53 Cal. 623; Warner v. Carlton, 22 Ill. 415; Stephenson v. Clark, 20 Vt. 624.

Ball & Smith, for respondent:

The statute has no application to a case where personal property is, at the time of the sale, in the possession or control of a bailee or third person. Thomas v. Hillhouse, 17 Iowa 67; Lansee v. Wilson, 17 Iowa 582; Case v. Burrows, 54 Iowa 679; Campbell v. Hamilton, 19 N. W. Rep. 220. See the following decisions on the question of delivery and actual possession: Ingalls v. Merrick, 108 Mass. 351; Thorndyke v. Bush, 114 Mass. 116; Hobbs v. Carr, 107 Mass. 532; McKee v. Garcellon, 60 Me. 165; Bridge Co. v. Nye, 60 Me. 372; Sawyer v. Nichols, 40 Me. 212; Farwell v. Smith, 64 Me. 74; Reed v. Reed, 70 Me. 504; Smith v. Chrisman, 91 Pa. St. 428; Norman v. Cramer, 73 Pa. St. 378; Woods v. Hull, 81 Pa. St. 451; Stephenson v. Clark, 20 Vt. 624.

The opinion of the court was delivered by

CORLISS, C. J. The plaintiff, as vendee of H. J. McKee, has recovered a judgment against the defendant for the seizure by defendant, as sheriff of Cass county, in this state, under a warrant of attachment against McKee, of a stallion purchased by the plaintiff of McKee prior to such seizure. The defendant,

as sheriff, justifies under the writ, and claims that the transfer of the stallion was fraudulent and void as to the plaintiffs in the warrant of attachment, creditors of McKee, under the provisions of § 4657 of the Compiled Laws. This section declares that "every transfer of personal property * * * is conclusively presumed, if made by a person having at the time the possession or control of property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void against those who are his creditors while he remains in possession," etc. The trial court refused to submit any other question to the jury than the one of damages, and the defendant is here for the purpose of reviewing this ruling; and he also insists that the trial court erred in refusing to hold as a matter of law, under the facts, that there was not a compliance with § 4657. He claims that there was no fact to submit to the jury, because the undisputed evidence showed a failure to make an immediate delivery, and also established that there was not an actual and continued change of possession. Defendant is not in position to avail himself of this claim on this appeal. His motion that the court direct a verdict in his favor was made at the close of plaintiff's case, and before defendant had established the relation of creditor and debtor between the plaintiffs in the warrant of attachment and McKee. Of course, until this relation had been established, the defendant was not in shape to justify as sheriff, for, as between the parties to the transaction, the sale was valid, and passed a good title. And the defendant waived his motion by failing to renew it after he had offered evidence subsequently to the over-ruling of his motion. Bowman v. Eppinger, 1 N. D. 21. But if he would have been justified in insisting upon the direction of a verdict in his favor, he was certainly entitled to have the question submitted to a jury. The exceptions taken by him to the charge, and the refusal of the court to charge, raised this question. The facts are uncontroverted. On October 1, 1889, McKee sold the stallion to Conrad, the plaintiff, who paid him $500 for the animal. The stallion at this time was in the livery barn of Wil-

liam H. Doyle.  On that day McKee and Conrad came to the
barn, and the former stated to Doyle, in the presence of Con-
rad, that the horse had been sold by him (McKee) to Conrad.
Had Conrad from this time exercised exclusive control over the
stallion, there would have been a sufficient delivery to satisfy
the requirements of the statute.  It has been repeatedly held,
and the doctrine stands upon a sound basis, that when the
property sold is at the time of sale in the possession of a third
person as bailee, it is sufficient that the former owner notifies
such third person of the sale, and abandons all claim to or con-
trol over the property, and the bailee thereafter holds it for the
vendee.  Potter v. Washburn, 13 Vt. 558; Worman v. Kramer,
73 Pa. St. 378; Morse v. Powers, 17 N. H. 286; Stowe v. Taft,
58 N. H. 445; Bump, Fraud. Conv. (3d Ed.) 170; Wait, Fraud.
Conv. § 260; Kroesen v. Seevers, 5 Leigh 434.  But the plain-
tiff failed to keep that exclusive control over the stallion which
the statute requires.  It is uncontroverted that after the sale
McKee continued to drive the animal, just as before the sale,
and apparently controlled him in all respects the same as be-
fore.  The plaintiff himself testified that when he purchased
the horse he did not take him away, but left him at Doyle's
stable; and that McKee paid the horse's board at Doyle's until
January 1st, after plaintiff purchased him; that the understand-
ing was that McKee was to have the use of the horse until the
1st of January.  Mr. Doyle swore, in substance, that McKee
had the same charge and control over the stallion after October
1st—the time of the sale—that he had before that date.  He
said that he thought that there was no change in the relation-
ship of McKee to the horse from October 1st to November 12th,
when the seizure was made, more than from the spring to October
1st; that the same relationship existed all the time; that prior to
October 1st McKee drove the horse, paid his board, and
handled him; that was about all he did with the horse; and
that, after October 1st, McKee drove the horse, and paid his
board all the time he was in the stable of the witness Doyle.  It
appears that McKee drove out with the horse repeatedly after
the sale.  We do not think there was, under these facts, a
sufficient change of possession to comply with the statute, nor

does there appear to have been any actual change of possession at all. The change was merely formal. There was nothing done to apprise the public that the relationship of McKee to the horse had in any respect been altered.

We do not question the soundness of the doctrine that whether the requirements of the statute have been complied with is often a question of fact, to be solved in the light of the character and situation of the property, the relation of the parties to each other, the inconvenience or hardship of requiring any other delivery or any further act of control than the facts disclose, the general usuages of trade, and all the attendant circumstances. The recent decision of the Pennsylvania supreme court in Renninger v. Spatz, 128 Pa. St. 524, 18 Atl. Rep. 405, illustrates the scope of this doctrine that the questions of delivery and actual continued change of possession are sometimes questions of fact, although the evidence is undisputed. It appeared in that case that John H. Spatz became the purchaser of the farm of William D. Suader, and also of his personal property. It was shown that Spatz thereafter took possession of the farm, and hired Suader to work upon it, and leased the house upon it to Mrs. Suader, and also leased to her the personal property bought from Mr. Suader. Renninger, a creditor of Mr. Suader, caused this personal property to be seized on execution against Suader, claiming that this property had not been delivered to Spatz. The court said: "In this case the property which was the subject of the sale was on the farm of the vendee, and intended by him for use there. It was placed in the custody of his tenant by a lease, but it was not removed from the farm. It is true that the lessee of the property was the wife of the vendor, and that they dwelt together after the sale as before; but she rented the house in which they lived, and he was a hired man on the farm, while Spatz owned and had the exclusive possession and control of it. We are of the opinion that the learned judge did not err in refusing to hold as a matter of law that the delivery of possession was insufficient. It was for the jury to find from the evidence whether the sale was in good faith or colorable, and whether the change was all that could reasonably. be expected of the vendor, taking into view

the character and situation of the property and the relation of the parties." See, also, cases cited in note to Claflin v. Rosenberg, 97 Amer. Dec. 346, and Murch v. Swenson, 40 Minn. 421, 42 N. W. Rep. 290. But there was nothing in the character of the property or the situation of the parties in the case at bar which renders an actual delivery and utter abandonment by the vendor of all apparent control over the property inconvenient or unreasonable. It was unnecessary that the vendor should have been given authority to continue to use the horse as before the sale. It is not important that he continued to use him as the property of Conrad. There was nothing in his conduct to indicate any change in his relation to the horse; and this conduct, which created an appearance of a continuance of his former ownership, had the express approval of Conrad himself. We do not see how there was anything to submit to the jury on these undisputed facts. When there is nothing in the nature of the property or the situation of the parties to render unreasonable an actual delivery and an absolute severing of the owner's former relations to the property—the utter abandonment of all apparent control over it—then the statute is peremptory, and the question on undisputed evidence is one of law for the court. See cases cited in note to Claflin v. Rosenberg, 97. Amer. Dec. 345; and the recent case of Stephens v. Gifford, 20 Atl. Rep. 542, 137 Pa. St. 219. This is peculiarly in point, as in that state the courts incline strongly to the view of submitting the question to the jury as a question of fact; and yet the court held the sale void as a matter of law in this case. It is impossible to reconcile all the cases, and useless to cite them. Nor would it be wise to attempt to lay down any general rules to govern the application of this statute. We might, however, say that, as the presumption of fraud is conclusive in this state, it will not do to establish too rigid and severe a rule, lest great injustice result. We feel that the statute works a wrong in this case, as it appears to be conceded that plaintiff paid a fair price for the horse, and bought it in good faith, and was governed by no bad motive in leaving it in the possession of McKee. It is a matter for the serious consideration of the legislature whether a statute under which a wrong like that wrought

in this case can be accomplished ought not to be so modified as to leave the question of the good faith of the transaction to a jury as a question of fact, as is the case in many of the states, either by virtute of the statute or because the courts have modified the severity of the old common-law rule. Of course, purchasers can conform to the requirements of the statute, but they are seldom aware of the severe penalties which attach to such conduct as characterized the plaintiff in making his purchase in this case. As new facts may be shown on a new trial, we will reverse the judgment and order herein, and direct a new trial. All concur.