## McFARLAND v. CRUICKSHANK.

Under Rev. Code Civ. Proc. § 561, providing that, when a party shall have an attorney in the action, the service of papers shall be made upon the attorney instead of the party, and Rev. Justices' Code, § 114, providing that those provisions of the Code of Civil Procedure in their nature applicable to the course of proceedings in justices' courts are applicable to justices' courts and the proceedings therein, notice by a justice to defendant's attorney of the time and place of trial of a case transferred to him is sufficient notwithstanding Rev. Justices' Code, § 7, providing that the notice must be served upon the parties.

(Opinion filed, April 9, 1908.)

Appeal from Circuit Court, Meade County.   Hon. WILLIAM G. RICE, Judge.

Action by George McFarland against Duncan Cruickshank. From a judgment for plaintiff, defendant appeals.   Affirmed.

*Wesley A. Stuart,* for appellant.

The jurisdiction of Justices of the Peace will not be extended by inference or implication as the statutes conferring jurisdiction are strictly construed.   18 Enc. of Law, 2d Ed. p. 17; Jolly v. Foltz, 34 Cal. p. 321; Wagner v. Halleck, 3 Col. 176.   A general appearance by the defendant in an action, after a special appearance for the purpose, and motion made to dismiss the same on the ground that the court has no jurisdiction of the person, and which has been overruled and exception preserved does not constitute a waiver of the objection to the jurisdiction of the court. Benedict v. Johnson, 4 S. D. 387.

*Polk & McNenny,* for respondent.

Where a party shall have an attorney in the action the service of papers shall be made upon the attorney instead of the party.

Revised Code of Civil Proc. Sec. 561. Those provisions of the Code of Civil Procedure which are in their nature applicable to the organization, powers and course of proceedings in justices' courts * * * are applicable to justices' courts and the proceedings therein. Justice Code, Sec. 47.

FULLER, J. On the return day of the summons which was personally served in this action instituted before John Hoel, a city justice of Sturgis, plaintiff appeared by his attorneys, Polk & Mc-Nenny, and the defendant appeared in person, and also by his regularly licensed attorney, Wesley A. Stuart, who upon his own affidavit applied for and obtained a change of venue to Bailey Madison, a police justice of that city. Thereupon a notice in regular form, stating the time and place of trial, was duly issued by Justice Madison, who personally delivered the same to the attorneys for the respective parties, but it was not personally served upon the defendant. On the day specified in this written notice plaintiff appeared for trial, and, after waiting one hour for the defendant, introduced his evidence and obtained a judgment, which was affirmed on appeal to the circuit court.

The only question there presented for a reversal or urged on this appeal from such judgment is that the statute requires the notice of the time and place of trial to be served, not upon the attorneys, but personally upon the parties, and therefore the justice of the peace to whom the case was sent for trial never acquired any jurisdiction. While section 7 of the Revised Justices' Code declares that such "notice must be served upon the parties at least one day before the time fixed for trial," section 114 thereof provides that "those provisions of the Code of Civil Procedure which are in their nature applicable to the organization, powers, and course of proceedings in justices' courts * * * are applicable to justices' courts and the proceedings therein." As a general proposition of law, it has long been considered settled that notice to an attorney who has appeared in the action is notice to his client, and consonant therewith section 561 of the Revised Code of Civil Procedure is as follows: "When a party shall have an attorney in the action, the service of papers shall be made upon the attorney, in-

stead of the party." 'The contention of counsel for appellant would doubtless prevail had his client exercised the legal right to appear without an attorney, as the doctrine that notice to the attorney is notice to his client and that statute just quoted would not be applicable to the proceeding.

Where the statute requires notice of appeal from justice's court to be served upon "the party," omitting the words "or his attorney," used in the statute governing appeals from other courts, it was held that the omission was evidently without special design, and service upon an attorney in such case was sufficient. Welton v. Garibardi, 6 Cal. 246. Attorneys at law frequently prosecute and defend actions in justice's court on behalf of litigants who are personally absent, and in many cases it would not be possible for the justice to whom a change of venue has been taken to serve a notice of the time and place of trial on the parties personally; and such is not the intention of the statute. Confessedly the defendant was bound by the act of his attorney in moving for and obtaining a change of venue, and Justice Madison, who had acquired jurisdiction of the parties and subject-matter for every purpose of the trial, very properly served such notice upon the attorneys in the action.

The judgment appealed from is affirmed.