## HALVORSEN v. MYREN.

Rev. Justices' Code, § 100, provides that on appeal on questions of law alone the appellant must prepare and file a statement of the case, containing the grounds on which he intends to rely and so much of the evidence as may be necessary to explain the same. **Held,** that a statement of the case, containing no assignments of error, and failing to specify wherein the justice erred, as to show any error occurring on the trial excepted to by defendant, was insufficient.

The "grounds" on which an appeal from a justice of the peace is based, required to be stated in the appellant's statement on appeal by Rev. Justices' Code, § 100, are the grounds mentioned in Rev. Code Civ. Proc. § 303.

(Opinion filed, May 21, 1909.)

Appeal from Circuit Court, Lyman County. Hon. FRANK B. SMITH, Judge.

Action by Enoch Halvorsen against Per Myren. From a circuit court judgment, affirming a judgment of a justice of the peace, in favor of plaintiff, defendant appeals. Affirmed.

*Cuthbert & Clarkson,* for appellant. *John G. Bartine,* for respondent.

McCOY, J. It appears from the record that this action was commenced in justice court, and a judgment therein rendered in favor of the plaintiff and against the defendant, and from which judgment the defendant appealed to the circuit court upon questions of law alone, and that upon the hearing of such appeal in the circuit court the judgment of the justice court was affirmed,

and the defendant has appealed from the said judgment of the circuit court to this court.

The defendant complains that the justice court, by reason of certain irregular adjournments, lost jurisdiction to try the case prior to the time of the rendition of judgment, and that certain motions made by defendant to dismiss said action, on the ground of lost jurisdiction, were overruled by the justice, and the overruling of which motions the defendant claims was error; the defendant having duly excepted to such rulings of the justice. The defendant on his appeal from justice to the circuit court prepared and caused to be settled a statement of case, and which statement of case was evidently disregarded on the hearing of said appeal in the circuit court.

The defendant contends that the circuit court erred in affirming the judgment of the justice court. In this contention we believe the defendant to be in error. Section 100, Rev. Justices' Code, provides: "When a party appeals to the appellate court on questions of law alone, * * * he must prepare a statement of case and file the same with the justice. The statement must contain the grounds upon which the party intends to rely on the appeal, and so much of the evidence as may be necessary to explain the ground and no more. * * *" The statement of case made on the appeal from the justice to circuit court in the case at bar, while being a very voluminous document, nowhere claims or specifies that the said justice committed any error on the trial before him. No error of any kind is assigned in said statement of case upon which defendant would rely on his appeal to the circuit court. The defendant did not attempt to incorporate any of the evidence in the statement, evidently not deeming that necessary, but evidently did attempt to seek a review of errors in law, occurring on the trial, excepted to by defendant; but, as defendant has wholly failed to allege, mention, specify, or point out any error occurring on the trial and excepted to by defendant on which he intended to rely on said appeal, the circuit court was clearly justified in disregarding said statement of case and affirming the judgment of the justice court. Section 303, subd. 3, Rev. Code Civ. Proc., is applicable to practice in justice court in making up and preparing a

statement of case, so far as the nature thereof will permit. Section 114, Rev. Justices' Code, and McFarland v. Cruickshank, 22 S. D. 189, 116 N. W. 71. What is meant by the "grounds upon which the party intends to rely on appeal" clearly appears from this section of the Code of Civil Procedure. When the "ground" is the insufficiency of the evidence to justify the verdict, or other decision, the statement shall specify the particulars in which the evidence is alleged to be insufficient. When the "grounds" are errors in law occurring at the trial and excepted to by the party, the statement of case shall specify the particular errors upon which the party will rely. If no such specifications be made, the statement of case shall be disregarded. From the similarity of language and similarity of purpose, it is quite evident that the "grounds" mentioned in section 100, Rev. Justices' Code, were intended to be the same as the "grounds" mentioned in section 303, Rev. Code Civ. Proc. The statement of case prepared by defendant on his appeal to the circuit court wholly failed to contain any grounds upon which he would rely on said appeal.

The judgment of the circuit court is therefore affirmed.