SCOTT, Appellant, v. HANTZ, Sheriff of Butte County, Respondent.

(153 N. W. 894.)

(File No. 3704.  Opinion filed July 24, 1915.)

1.  **Conversion—Attachment—Fraudulent  Conveyance—Consummation of Sale After Levy—Notice of Second Levy, Effect of on Transfer.**

    Where a plaintiff in a suit for conversion against a sheriff for wrongful attachment, claimed title by purchase from the attachment debtor, which transfer he claimed was consummated after the original attachment levy was succeeded by a second attachment in a new suit begun immediately after dismissal of the first suit, and while the goods levied on were in the sheriff's possession, **held,** that a notice to the debtor of a levy under the second attachment did not change the status of the property, or the rights and obligations of the parties, and did not amount to a conversion of the property; the attachment debtor having been owner of the property when the first levy was made.

2.  **Fraudulent Conveyances—Creditor's Rights—No Change in Possession—Sale Void in Law—Statute.**

    Under Civ. Code, Sec. 2369, making a transfer of personalty without delivery and continued change of possession one conclusively presumed to be fraudulent and void against creditors of the transferrer, and Sec. 2371, providing that in all cases arising under the title embracing Sec. 2369, "except as otherwise provided in Section 2369," the question of fraudulent

intent is one of fact and not of law, **held,** in a suit for conversion against the sheriff for levying an attachment upon personalty as that of the attachment debtor, tenant of plaintiff who claimed ownership under an alleged purchase without actual change of possession at time of sale, such attempted sale was absolutely void as against the attaching creditor, and plaintiff could not maintain his suit.

3.  **Conversion—Attachment Before Consummated Sale—Dismissal and Second Levy Afterward—Return of Goods After First Levy, Necessity of.**

Where, under a sale of personalty which, because of nondelivery and change of possession, was void as against attaching creditors, the parties to the sale differing as to date of its consummation, the sale being ratified after an attachment levy was made in a suit against the vendor, and after dissolution of the attachment by dismissal of the suit, and where, immediately thereafter, a new suit was commenced in which a second levy was made, **held,** that, conceding it to have been the sheriff's duty to return the property upon dissolution of the first attachment, before making a second levy, yet such duty, had it been performed, adds nothing to the alleged vendee's rights; since his title would have rested upon the alleged sale which, when consummated, would have been valid as against vendor, but void as to creditors for non-delivery, etc.

Whiting, J., concurring specially.

Appeal from Circuit Court, Butte County. Hon. JAMES McNENNY, Judge.

Action by J. W. Scott against H. C. Hantz as sheriff, for conversion of personalty. From a judgment for defendant, plaintiff appeals. Affirmed.

*J. M. Armstrong,* for Appellant.

*Benedict & Wall,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Myrick v. Bill, 3 Dak. 284, N. W. 268; Ackee v. Campbell, 23 Wend. 371; Burket v. Purdy, 2 Okla. 396, 37 Pac. 1053.

Respondent cited: Civ. Code, Sec. 2369; Howard v. Dwight, 8 S. D. 398.

(2) Under point two of the opinion, Appellant cited: Civ. Code, Sec. 2369.

(3) Under point three of the opinion, Appellant cited: Code Civ. Proc., Sec. 221; 3 Enc. Pl. & Pr. 91, and cases cited; 4 Cyc. 808; Note to Franklin v. Bachelder, 39 Am. Dec. 609; Piper v. Hagen, (S. D.) 146 N. W. 692, 694.

Respondent submitted that: When this action was commenced, the sheriff was holding the property under an attachment, but at the time of this trial, the action in which the attachment was issued had been settled and the attachment released and the property returned to Wright, from whom it was taken, which plaintiff knew.

SMITH, J. Plaintiff brought an action in justice's court for the alleged conversion of certain personal property, consisting of household goods. The defendant for answer alleges that he was sheriff of Butte county; that a warrant of attachment was duly issued out of a justice's court of Butte county, in an action wherein Smiley Gay Hardware Company was plaintiff and one T. A. Wright was defendant, and that, under and by virtue of said warrant of attachment, he levied upon, and took into his possession, and from the possession of the defendant T. A. Wright, the property described in the complaint; that the property so seized and levied upon was the property of said Wright. Defendant also alleges on information and belief that plaintiff claims to be owner of said property by virtue of a pretended purchase from T. A. Wright; that said purchase, if made, was fraudulent and void, under section 2369 of the Civil Code. The action was tried on April 18, 1914, and resulted in a judgment for defendant. Plaintiff thereupon prepared a statement of the case on appeal, under the provisions of section 100 of the Justice's Code, alleging insufficiency of the evidence as the grounds upon which he would rely upon the appeal. The circuit court affirmed the judgment of the justice's court, and plaintiff brings the action to this court for review, upon the statement of the case as settled in the justice's court. The practice in such cases is settled by the decisions of this court in Halvorsen v. Myren, 23 S. D. 263, 121 N. W. 782, and Mann v. Hvammen, 32 S. D. 596, 144 N. W. 130.

The judge of the circuit court filed his decision in writing, in which he discussed certain propositions of law raised by appellant. Several points involved in this discussion are attempted to be assigned as error. The only assignment reviewable on this appeal is that contained in the statement of the case in the justice's court as ground of error to be relied upon on appeal. The assignment is that the court erred in dismissing plaintiff's action

and entering judgment for defendant, for the reason that the evidence is insufficient to support the judgment, and that the judgment is against law. In support of this assignment, appellant cites the court to all the evidence adduced on the trial, and contained in the statement of the case, and alleges that judgment should have been rendered for plaintiff, and that there was no evidence to sustain the finding and judgment of the court.

The evidence conclusively shows that the property had belonged to, and at the time of the levy was in the actual possession of, Wright, the defendant in that action. The sheriff levied upon and took the property into his possession on the 30th day of March, 1914. Plaintiff testified that he purchased the goods from Wright on the 28th day of March, 1914; that he and Wright went to the house and made a list of the goods, and that they agreed at that time that the goods were to be plaintiff's property from the time of the signing of the list; that Wright was indebted to him on a note for $44 and a balance of $20 for rent due April 1st, making $64 in all; that plaintiff owned the house in which Wright was living; that it was agreed that Wright might continue to use the furniture purchased until the 1st day of April, and on that day should vacate the premises and leave the furniture in the house; that he had no knowledge the goods had been levied upon until informed by Wright; that he did not notify the sheriff that he claimed the goods before this action was commenced. The action in which the attachment was issued was dismissed by plaintiff on April 4th, for some reason not appearing in the record, and a new action immediately begun against Wright, in which another attachment was issued, and a notice of levy served on Wright.

[1] At the trial Scott testified that, when he purchased the goods on March 28th, he agreed to loan Wright $10, while Wright testified that he was to receive the $10 as part of the purchase price of the goods. This controversy was settled between them after the dismissal of the action on April 4th, and appellant Scott now seeks to avoid the effect of section 2369 of the Civil Code by urging that the sale was consummated at the time of the payment of this $10, at which time the goods were in possession of the sheriff, and not in the possession of Wright, the judgment debtor. But this does not aid the plaintiff. The con-

version, if any, occurred on March 30, 1914, when the sheriff took possession of the property under the levy. The second notice of the levy did not change the status of the property or the rights or obligations of the parties. If the sale was not completed on or prior to March 30th, plaintiff was not the owner of the property at the time of the alleged conversion. If Wright owned the property on March 30th, the levy was justified, the sheriff's possession was legal, and it is perfectly clear that the mere serving of a notice of levy on Wright, under the second warrant, did not amount to a second conversion. Plaintiff must therefore rely upon a title acquired prior to March 30th, or fail in the action.

[2] Section 2369 of the Civil Code provides:

"Every transfer of personal property * * * is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fradulent and therefore void, against those who are his creditors while he remains in possession. * * *"

Section 2371, C. C., declares that in all cases arising under section 991, or under the provisions of this title, "except as otherwise provided in section 2369, the question of fraudulent intent is one of fact and not law."

It is conceded that there was no actual change of possession of the property at the time of the alleged sale, and it is plain, therefore, that the attempted sale was absolutely void, as against the attaching creditors of Wright, and that the plaintiff acquired no right, title, or interest in the property which would entitle him to maintain an action of conversion because of the levy of the attachment. Conrad v. Smith, 2 N. D. 408, 51 N. W. 720; Shauer v. Alterton, 151 U. S. 607, 14 Sup. Ct. 442, 38 L. Ed. 286; Howard v. Dwight, 8 S. D. 398, 66 N. W. 935.

[3] Appellant, however, suggests that it was the duty of the sheriff to return the property to Wright upon the dissolution of the attachment by a dismissal of the first action, and that the second levy would then have been a conversion as against himself, as owner of the property. But, if this duty be conceded, it does not add anything to appellant's legal rights. Appellant does not claim that there was a second sale, but only that the

first sale was ratified or affirmed after the dissolution of the first attachment. If this were conceded, appellant's title would have rested on the sale of March 28th, which was void as against creditors, whose rights were represented by the sheriff under the writ of attachment. The sale, if ratified any time after March 30th, would have been valid as against Wright, but, as against Wright's creditors and the sheriff. it would not become valid, but would remain void and of no effect. The record, however, conclusively shows that the supposed ratification did not occur until after the trial of this action, and after the sheriff had returned the goods to Wright, on April 18, 1914. If the sale was incomplete and passed no title prior to that date, then the plaintiff had no interest in the property at the time of the trial, and could not have maintained the action for conversion. The alleged ratification was therefore wholly immaterial.

For these reasons plaintiff could not maintain his action on either theory, and the judgment of the trial court must be affirmed.

WHITING, J. I concur in the result reached by Judge SMITH in the foregoing opinion, but prefer to place my concurrence upon the following grounds: Any sale of goods to Scott, prior to the seizure of the goods by defendant, was void as against the attaching creditor. Therefore the possession of defendant was rightful, because any notice of such void sale would be a nullity and would not render such seizure a tort against plaintiff. If, after such seizure by defendant, a valid sale to plaintiff was made (a fact much in doubt), plaintiff could not then recover of the defendant, who was holding the goods as the goods of plaintiff's vendor, until plaintiff had advised defendant of his ownership of such goods and demanded possession thereof. This is especially true because of the fact that the second action against Wright was commenced, and the notice of levy therein given, before the first action was dismissed. There was therefore no time wherein defendant was not, as between himself and Wright, rightfully in possession of the goods. Certainly defendant could not be held to have wrongfully converted these goods because they had become the property of some third person, until he was notified of such change of ownership.